Egan Jr., J.P., Lynch, Devine, Clark and Aarons, JJ., concur. Ordered that Roman David Bretschger's application for permission to resign is denied.

■ In the Matter of RICHARD CROAK, an Attorney. [50 NYS3d 191]—

Per Curiam. Respondent was admitted to practice by this Court in 1976 and lists a business address in the City of Watervliet, Albany County with the Office of Court Administration. Respondent is the subject of an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) regarding allegations that he has, among other things, failed to account for $17,500 that he received in connection with a client's bankruptcy matter. Pursuant thereto, AGC directed respondent to provide, among other things, his attorney escrow account records. Respondent failed to produce the requested records and AGC thereafter successfully applied for a subpoena duces tecum from this Court, directing respondent to produce, among other things, the bank records associated with his receipt and deposit of the $17,500. Notwithstanding this Court's subpoena, respondent

again failed to provide AGC with the requested records. By order to show cause returnable February 14, 2017, AGC now moves for an order pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 suspending respondent from the practice of law due to his failure to comply with AGC's lawful demands for the production of bank records and his failure to comply with this Court's subpoena duces tecum. Respondent opposes the motion.

AGC has submitted sufficient evidence establishing respondent's failure to comply with AGC's investigation. Respondent has failed to comply with AGC's numerous lawful demands for the production of bank records, as well as this Court's subpoena duces tecum directing him to produce a full and complete copy of his attorney escrow account records. We find that respondent's noncompliance with AGC's investigation immediately threatens the public interest (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]) and imperils the effectiveness of the attorney disciplinary system. Accordingly, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigation and until further order of this Court (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]; *see also Matter of Spencer*, 148 AD3d 223, 227 [2017]).

Peters, J.P., Garry, Rose, Mulvey and Aarons, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (*see generally* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9); and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further ordered that, within 20 days from the date of this order, respondent may submit a request, in writing, to this Court for a postsuspension hearing (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further ordered

that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this order may result in his disbarment by the Court without further notice (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).